UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MARVIN SPENCER,                                  Case No. 17-cv-5035 (DSD/TNL)

        Plaintiff,

v.                                               REPORT AND RECOMMENDATION

JOEL L. BROTT, Sheriff; DR. TODD
LEONARD, Physician; MICHELLE
SKROCH, BSIU/CCHD Nursing Dir.;
GWEN BLOSSOM ENGLAND, CNP, RN;
DR. DIANA VANDERBEEK, Assistant
Physician; CAPT. TOM ZERWAS; SGT.
TRAVIS LINDSTROM; SGT. BRAD
BOHN, Badge #3419; C/O JIM ROURKE,
Badge #3341; C/O ANNE HERBST, Badge
#3473; C/O JOHNNIE GILBERT; C/O LISA
SHORE, Badge #2163; C/O JOSHUA
JESBERG, Badge #3304; C/O CATHERINE
KOCH, Badge #2145; C/O OLUWASEUN
JIBOWU, Badge #3397; C/O DENISE
COOK; C/O TAMMY BOROS; C/O
NICHOLAS SIMON, Badge #3384; C/O
LOGAN BARRETT, Badge #3305; C/O
YVONNE ADAMS, Badge #1757; C/O
AMY KAHLER, Badge #1901; C/O DAN
WORBER, Badge #3360; C/O LAURA
HOLMQUIST, Badge #1719; and C/O LORI
BENNETT, Badge #1409

        Defendants.

---

Plaintiff Marvin Spencer, a federal prisoner, filed this action alleging deliberate indifference to his medical needs by officials at a county jail where he previously was incarcerated. In an order dated November 13, 2017, this Court ordered Spencer to pay an initial partial filing fee, *see* 28 U.S.C. § 1915(b), but also noted that his complaint was deficient, *see* ECF No. 3 at 3 n.2. "For example," as this Court explained, "although many correctional

officers are included in this action because they are claimed to have been responsible for Spencer's health and safety, Spencer does not allege what those specific defendants actually did, or failed to do, that violated the law." Accordingly, Spencer was warned that it would be in his "best interest to file an amended complaint if he intends to prosecute this lawsuit and thereby commit $350.00 to this litigation." *Id*.

Spencer paid the required initial partial filing fee, but he did not submit an amended complaint. Instead, Spencer initiated an entirely separate action through the filing of a complaint containing largely the same allegations and suffering the same deficiencies. *See Spencer v. Brott*, No. 17-CV-4220 (WMW/KMM) (D. Minn. filed Nov. 27, 2017). Rather than recommend dismissal of this lawsuit, this Court implored Spencer to submit an amended complaint in this action correcting the identified problems by no later than February 12, 2018, failing which it would be recommended that this matter be dismissed without prejudice for failure to prosecute. *See* ECF No. 8. The deadline has now passed, and Spencer has not filed an amended complaint. Spencer's failure to do so in accordance with this Court's previous order is reason enough to recommended that this action be dismissed without prejudice. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

That said, as this Court has previously explained, Spencer's complaint is substantively deficient, and those deficiencies also serve as an independent basis for recommending dismissal. *See* 28 U.S.C. § 1915A. In order to state a claim for relief arising from deliberate indifference to medical needs, a plaintiff needs to allege specific conduct ascribable to a specific defendant. *See Roberts v. Lombardi*, 512 Fed. App'x 645, 647 (8th Cir. 2013). Spencer's complaint, by

-2-

contrast, ties no specific conduct to any specific defendant or defendants; each of the defendants is alleged only to have responsibilities that "include but [are] not limited to . . . health care and safety." Compl. at 11-19 [ECF No. 1]. This, by itself, is not sufficient to put any particular defendant on notice of the allegations and claims being raised against him or her in particular. Without further allegations, no defendant can know from the complaint what, exactly, Spencer believes that defendant has done that violates the law. Put another way, Spencer's complaint does not state a claim upon which relief may be granted against any defendant named in the action.[1]

For those reasons, it is hereby recommended that this matter be dismissed without prejudice. Spencer may still amend his complaint once as a matter of course during the pendency of this recommendation, in which event the amended complaint will itself be screened pursuant to § 1915A. *See* Fed. R. Civ. P. 15(a)(1).

RECOMMENDATION

---

[1] Spencer's complaint also fails to specify whether his claims are brought against defendants in their personal capacities or in their official capacities as officers and employees of the county in which the jail is located. The complaint must therefore be interpreted as raising official-capacity claims only. *See Egerdahl v. Hibbing Comm. Coll.*, 72 F.3d 615, 619-20 (8th Cir. 1995). But Spencer does not adequately allege in his complaint how the county itself was at fault for the injuries he incurred.

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE both under Fed. R. Civ. P. 41(b) for failure to prosecute and pursuant to 28 U.S.C. § 1915A for failure to state a claim on which relief may be granted.

Dated: February 27, 2018                    *s/ Tony N. Leung*
                                            Tony N. Leung
                                            United States Magistrate Judge

                                            *Spencer v. Brott et al.*
                                            Case No. 17-cv-5035 (DSD/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).