UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARVIN SPENCER, | Case No. 17-cv-5035 (DSD/TNL) |
| Plaintiff, | |
| v. | |
| JOEL L. BROTT, Sheriff; DR. TODD LEONARD, Physician; MICHELLE SKROCH, BSIU/CCHD Nursing Dir.; GWEN BLOSSOM ENGLAND, CNP, RN; DR. DIANA VANDERBEEK, Assistant Physician; CAPT. TOM ZERWAS; SGT. TRAVIS LINDSTROM; SGT. BRAD BOHN, Badge #3419; C/O JIM ROURKE, Badge #3341; C/O ANNE HERBST, Badge #3473; C/O JOHNNIE GILBERT; C/O LISA SHORE, Badge #2163; C/O JOSHUA JESBERG, Badge #3304; C/O CATHERINE KOCH, Badge #2145; C/O OLUWASEUN JIBOWU, Badge #3397; C/O DENISE COOK; C/O TAMMY BOROS; C/O NICHOLAS SIMON, Badge #3384; C/O LOGAN BARRETT, Badge #3305; C/O YVONNE ADAMS, Badge #1757; C/O AMY KAHLER, Badge #1901; C/O DAN WORBER, Badge #3360; C/O LAURA HOLMQUIST, Badge #1719; and C/O LORI BENNETT, Badge #1409, | **ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiff's "Motion for Time Extension and Affidavit for Appoint [sic] Counsel" (ECF No. 25). Plaintiff is currently incarcerated in California. (ECF No. 27.) Plaintiff requests a 90-day extension to file an amended

1

complaint, stating that it is difficult litigating on his own behalf, he has limited access to the law library, and certain documents are not currently in his possession. (ECF Nos. 25, 26.)

On April 2, 2018, Plaintiff was ordered to submit an amended complaint by May 2, 2018. (ECF No. 17.) Plaintiff subsequently requested a 90-day extension of this deadline, and the Court granted his request. (ECF Nos. 19, 21.) Plaintiff is now requesting another 90-day extension. **For good cause shown, the Court will grant Plaintiff one *final* extension. Plaintiff must file an amended complaint by no later than December 3, 2018, failing which this Court will recommend that this action be summarily dismissed.**

Although not entirely clear, it appears from the caption of his motion that Plaintiff is also requesting that the Court appoint counsel for him in this matter. "In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (same). Rather, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794; *accord Ward*, 721 F.3d at 942. "The court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641

F.3d 898, 909 (8th Cir. 2011); *see Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam).

After considering these factors, the Court concludes that appointment of counsel is not warranted at this time. First, Plaintiff's filings to date demonstrate Plaintiff's ability to articulate his position to the Court and a basic understanding of legal procedure, including filing motions as a means of seeking relief from the Court. Second, the factual and legal issues underlying this litigation are not any more complex than other matters in which inmates assert deliberate indifference to their medical needs routinely brought before this Court. Third, Plaintiff has not articulated any specific impediment to representing himself in this litigation other than that he is inexperienced in the law and he has limited access to the law library while incarcerated. The Court previously directed the Clerk of Court to provide Plaintiff with a copy of the Court's Pro Se Civil Guidebook, a resource for litigants like Plaintiff who are representing themselves. (ECF No. 23.) And, the Court has granted Plaintiff the extension he requested. Fourth, should this matter proceed to trial, Plaintiff may renew his request for appointment of counsel at that time. *See Trotter*, 636 F. App'x at 373. Therefore, Plaintiff's request for the appointment of counsel is denied without prejudice.

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's "Motion for Time Extension and Affidavit for Appoint [sic] Counsel" (ECF No. 25) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein. **Plaintiff must file an amended complaint by no later than December 3, 2018, failing which this Court**

3

**will recommend that this action be summarily dismissed. No further extensions will be granted.**

Date: August  30  , 2018                    *s/ Tony N. Leung*
                                            Tony N. Leung
                                            United States Magistrate Judge
                                            District of Minnesota


                                            *Spencer v. Brott et al.*
                                            Case No. 17-cv-5035 (DSD/TNL)