UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARVIN SPENCER,　　　　　　　　　　　　　　Case No. 17-cv-5035 (DSD/TNL)

　　　　　Plaintiff,

v.

JOEL L. BROTT, Sheriff; DR. TODD
LEONARD, Physician; MICHELL SKROCH,
BSIU/CCHD Nursing Dir.; GWEN BLOSSOM
ENGLAND, CNP, RN; DR. DIANA
VANDERBEEK, Assistant Physician; CAPT.
TOM ZERWAS; SGT. TRAVIS LINDSTROM;
SGT. BRAD BOHN, Badge #3419; C/O JIM
ROURKE, Badge #3341; C/O ANNE HERBST,
Badge #3473; C/O JOHNNIE GILBERT; C/O
LISA SHORE, Badge #2163; C/O JOSHUA
JESBERG, Badge #3304; C/O CATHERINE
KOCH, Badge #2145; C/O OLUWASEUN
JIBOWU, Badge #3397; C/O DENISE COOK;
C/O TAMMY BOROS; C/O NICHOLAS
SIMON, Badge #3384; C/O LOGAN BARRETT,
Badge #3305; C/O YVONNE ADAMS, Badge
#1757; C/O AMY KAHLER, Badge #1901; C/O
DAN WORBER, Badge #3360; C/O LAURA
HOLMQUIST, Badge #1719; and C/O LORI
BENNETT, Badge #1409,

　　　　　Defendants.

MARVIN SPENCER,　　　　　　　　　　　　　　Case No. 17-cv-5220 (DSD/TNL)

　　　　　Plaintiff,

v.

JOEL L. BROTT, Sheriff; DR. TODD
LEONARD, Physician; MICHELL SKROCH,
BSIU/CCHD Nursing Dir.; GWEN BLOSSOM
ENGLAND, CNP, RN; DR. DIANA
VANDERBEEK, Assistant Physician; CAPT.
TOM ZERWAS; SGT. ARIC HANSON, Badge

1

#3401; SGT. REBECCA BEAL, Badge #3418;
SGT. TRAVIS LINDSTROM, Badge #; SGT.
BRAD BOHN, Badge #3419; C/O JIM
ROURKE, Badge #3341; C/O ANNE HERBST,
Badge #3473; C/O JOHNNIE GILBERT, Badge
#; C/O LISA SHORE, Badge #2163; C/O
JOSHUA JESBERG, Badge #3304; C/O
CATHERINE KOCH, Badge #2145; C/O
OLUWASEUN JIBOWU, Badge #3397; C/O
DENISE COOK; C/O TAMMY BOROS, Badge
#; C/O NICHOLAS SIMON, Badge #3384; C/O
LOGAN BARRETT, Badge #3305; C/O
YVONNE ADAMS, Badge #1757; C/O AMY
KAHLER, Badge #1901; C/O DAN WORBER,
Badge #3360; C/O LAURA HOLMQUIST,
Badge #1719; C/O LORI BENNETT, Badge
#1409; C/O CHRISTOPHER HANSEN, Badge
#1074; C/O THERESA KLINGE, Badge #;
JENNIE R. THOMPSON, RN; GWENDOLYN
BLOSSOM ENGLAND, RN; ALYSSA
PFEIFER, RN; MICHELLE SKROCH, RN;
MINDI JOHNSON, CMA; BRIONY BOHN,
LPN; CASSANDRA JAMES, RN; and KAYLA
HERTENSTEIN, RN,

                Defendants.

## ORDER

This matter comes before the Court on pro se Plaintiff Marvin Spencer's "Motion for Continuances" (ECF No. 44), filed in *Spencer v. Brott et al.*, 17-cv-5035 ("*Spencer I*").[1] Plaintiff requests that these matters be continued for 180 days because he is currently undergoing serious medical treatment, including surgery. Plaintiff states that he is unable to file an amended complaint

---

[1] *Spencer I* and *Spencer v. Brott et al.*, 17-cv-5220 ("*Spencer II*"), were consolidated on January 23, 2019. (*See* ECF No. 32 in No. 17-cv-5035; ECF No. 16 in No. 17-cv-5220.)

2

because he is not currently "in possession of his legal papers [and] U.S. Marshal Forms." (ECF No. 44 at 1 in No. 17-cv-5035.)

Plaintiff's motion comes on the heels of a prior motion for extension of time, which was received by the Court on March 25 and ruled upon on March 29, 2019. (ECF Nos. 42, 43 in No. 17-cv-5035.) It is highly doubtful Plaintiff received the Court's March 29, 2019 Order granting him a 30-day extension before filing the present motion, which was received by the Court on April 1.

As stated in the Court's March 29, 2019 Order, there is currently no Court-imposed deadline for Plaintiff to amend his Complaints in these matters. (ECF No. 43 at 3 in No. 17-cv-5035.) The only Court-imposed deadline pending is the deadline for Plaintiff to submit properly completed Marshal Service Forms (USM-285) for each Defendant in *Spencer I* and *Spencer II*. (ECF No. 43 at 3 in No. 17-cv-5035.) Plaintiff was granted an additional 30 days from the date of the March 29, 2019 Order to submit properly completed Marshal Service Forms (USM-285) for each Defendant in *Spencer I* and *Spencer II*. (ECF No. 43 at 3-4 in No. 17-cv-5035.)

In granting the 30-day extension, the Court recognized that Plaintiff is presently undergoing serious medical treatment. (ECF No. 43 at 3 in No. 17-cv-5035.) The Court nevertheless cautioned Plaintiff that future extension request may not be granted, noting Plaintiff's history of failing to adhere to deadlines established by the Court. (ECF No. 43 at 3 in No. 17-cv-5035.)

While Plaintiff cites to letters from a "Ms. Tate" regarding his medical condition and the status of his legal property in support of his current request, these letters do not speak to Plaintiff's present circumstances (indeed, the letters are two months old and Plaintiff has since been transferred a correctional facility located in another state). (ECF No. 44 at 2 in No. 17-cv-5035;

*see* ECF No. 34 at 1-3 in No. 17-cv-5035). Accordingly, the Court will deny Plaintiff's request for a 180-day extension without prejudice. Any future extension requests must be supported by contemporaneous documentation from the correctional facility or appropriate medical provider specifically demonstrating and describing how a medical impediment and/or circumstance beyond Plaintiff's control prevents him from complying with Court-ordered deadlines.

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's "Motion for Continuances" (ECF No. 44) is **DENIED WITHOUT PREJUDICE.** As stated in the March 29, 2019 Order, Plaintiff has 30 days from the date of that Order to comply with the February 21, 2019 Case Management Order and submit a properly completed Marshal Service Form (USM-285) for each Defendant in *Spencer I* and *Spencer II*. If Plaintiff fails to comply with that deadline, it will be recommended that these consolidated actions be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).


Date: April    10   , 2019                           *s/ Tony N. Leung*
                                                     Tony N. Leung
                                                     United States Magistrate Judge
                                                     District of Minnesota


                                                     *Spencer v. Brott et al.*
                                                     Case No. 17-cv-5035 (DSD/TNL)

                                                     *Spencer v. Brott et al.*
                                                     Case No. 17-cv-5220 (DSD/TNL)