# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MARVIN SPENCER,   Case No. 17-cv-5035 (DSD/TNL)

    Plaintiff,

v.

JOEL L. BROTT, Sheriff; DR. TODD
LEONARD, Physician; MICHELL SKROCH,
BSIU/CCHD Nursing Dir.; GWEN BLOSSOM
ENGLAND, CNP, RN; DR. DIANA
VANDERBEEK, Assistant Physician; CAPT.
TOM ZERWAS; SGT. TRAVIS LINDSTROM;
SGT. BRAD BOHN, Badge #3419; C/O JIM
ROURKE, Badge #3341; C/O ANNE HERBST,
Badge #3473; C/O JOHNNIE GILBERT; C/O
LISA SHORE, Badge #2163; C/O JOSHUA
JESBERG, Badge #3304; C/O CATHERINE
KOCH, Badge #2145; C/O OLUWASEUN
JIBOWU, Badge #3397; C/O DENISE COOK;
C/O TAMMY BOROS; C/O NICHOLAS
SIMON, Badge #3384; C/O LOGAN BARRETT,
Badge #3305; C/O YVONNE ADAMS, Badge
#1757; C/O AMY KAHLER, Badge #1901; C/O
DAN WORBER, Badge #3360; C/O LAURA
HOLMQUIST, Badge #1719; and C/O LORI
BENNETT, Badge #1409,

    Defendants.

## I. INTRODUCTION

This matter comes before the Court on the latest motion for appointment of counsel (ECF No. 60) filed by pro se Plaintiff Marvin Spencer in *Spencer v. Brott et al.*, 17-cv-5035 ("*Spencer I*").[1] Collectively, this is Plaintiff's fourth motion for appointment of counsel in less than a year.[2]

---

[1] *Spencer I* and *Spencer v. Brott et al.*, 17-cv-5220 ("*Spencer II*"), were consolidated on January 23, 2019. (*See* ECF No. 32 in No. 17-cv-5035; ECF No. 16 in No. 17-cv-5220.)

[2] (ECF No. 7 in No. 17-cv-5220, filed July 16, 2018; ECF No. 25 in No. 17-cv-5035, filed Aug. 3, 2018; ECF No. 31 in 17-cv-5035, filed Dec. 3, 2018.)

1

Plaintiff asserts that he is suffering from a number of serious medical conditions and his "faculties are failing" him. (ECF No. 60 at 1.) Plaintiff "want[s] it to be known that for the last year and some months, Plaintiff has been very ill and unable to write []or litigate this very important case." (ECF No. 60 at 1.) "[F]earing that death is near[,]" Plaintiff requests the appointment of counsel. (ECF No. 60 at 1.)

## II. ANALYSIS

As the Court has previously explained,[3] "[i]n civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). In deciding whether appointment of counsel is warranted, courts consider the factual and legal complexity of the case, the plaintiff's ability to investigate facts, whether the proceeding involves conflicting testimony, and the plaintiff's ability to present his claims. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Plaintiff's contention that he has been unable to write or litigate this case for more than a year is belied by Plaintiff's numerous filings in *Spencer I* and *II*. Plaintiff has been litigating these matters since approximately March 2018, when Plaintiff requested that *Spencer I* be reopened. (ECF No. 14 in No. 17-cv-5035.) Since the end of April 2018—in just over a year and during the period in which Plaintiff claims he has been incapacitated—Plaintiff has filed at least eight motions (not counting his motions for appointment of counsel),[4] seven letters,[5] and two notices dismissing

---

[3] (*See, e.g.*, Order at 2, Aug. 30, 2018, ECF No. 28 in No. 17-cv-5035; Case Management Order at 4, Feb. 21, 2019, ECF No. 36 in No. 17-cv-5035.)

[4] (*See, e.g.*, ECF No. 19 in No. 17-cv-5035, filed Apr. 23, 2018; ECF No. 22 in No. 17-cv-5035, filed May 24, 2018; ECF No. 6 in No. 17-cv-5220, filed July 6, 2018; ECF No. 29 in No. 17-cv-5035; ECF No. 33 in No. 17-cv-5035, filed Feb. 12, 2019; ECF No. 42 in No. 17-cv-5035, filed Mar. 25, 2019; ECF No. 44 in No. 17-cv-5035, filed Apr. 1, 2019; ECF No. 32 in No. 17-cv-5220, filed Apr. 24, 2019.)

[5] (*See, e.g.*, ECF No. 5 in No. 17-cv-5220, filed July 6, 2018; ECF No. 10 in No. 17-cv-5220, filed July 18, 2018; ECF No. 27 in No. 17-cv-5035, filed Aug. 23, 2018; ECF No. 53 in No. 17-cv-5035, filed Apr. 24, 2019; ECF No. 33 in No. 17-cv-5220, filed Apr. 24, 2019; ECF No. 55 in No. 17-cv-5035, filed May 9, 2019; ECF No. 40 in No. 17-cv-5220, filed May 17, 2019.)

certain defendants.[6] In the past 45 days alone, Plaintiff has returned 30 completed Marshal Service Forms; sent correspondence requesting additional forms from the Court; sought to amend the Complaint in *Spencer II*; filed a notice of dismissal for two defendants; provided the Court with an update on his status; and filed this motion for appointment of counsel. The most recent letter, received approximately one week before the present motion was filed, requested a blank complaint form. (ECF No. 40 in No. 17-cv-5220.)

While the Court does not doubt that Plaintiff is suffering from a number of serious medical conditions, and has in fact recognized such conditions in the past,[7] the procedural history and record of filings do not support his contentions for appointment of counsel. Plaintiff has not supported his claim of incapacitation with any sort of contemporaneous documentation from the correctional facility or appropriate medical providers specifically demonstrating and describing how these medical conditions prevent him from proceeding in this matter. (*See* Order at 4, Apr. 10, 2019, ECF No. 45 in No. 17-cv-5035 ("Any future extension requests must be supported by contemporaneous documentation from the correctional facility or appropriate medical provider specifically demonstrating and describing how a medical impediment and/or circumstance beyond Plaintiff's control prevents him from complying with Court-ordered deadlines.").)

And, Plaintiff's motion and affidavit in support are not even signed. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record . . . or *by a party personally if the party is unrepresented*." Fed. R. Civ. P. 11(a) (emphasis added). "By presenting to the court a pleading, written motion , or other paper[,] . . . an attorney or unrepresented party certifies . . . that it is not being presented

---

[6] (*See, e.g.*, No. 24 in No. 17-cv-5035, filed July 30, 2018; ECF No. 54 in No. 17-cv-5035, filed May 2, 2019.)
[7] (*See, e.g.*, No. 43 in No. 17-cv-5035; *see also* ECF No. 15 in No. 17-cv-5035.)

for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b).

Therefore, for the same reasons previously articulated in the Court's August 30, 2018 Order in *Spencer I*, and reiterated in the Court's February 21, 2019 Case Management Order in *Spencer I* and *II*, Plaintiff's renewed request for appointment of counsel is denied. Plaintiff remains able to articulate his positions to the Court as evidenced by his numerous filings; the factual and legal issues in these cases are not uniquely complex; and Plaintiff has demonstrated no specific impediment to representing his own interests. *See Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam); *Ward*, 721 F.3d at 942; *Phillips*, 437 F.3d at 794.

### III. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's "Request for Attorney" (ECF No. 60) is **DENIED WITHOUT PREJUDICE**.

2. All prior consistent orders remain in full force and effect.

Date: June 3, 2019 *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Spencer v. Brott et al.*
Case No. 17-cv-5035 (DSD/TNL)