UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARVIN SPENCER,　　　　　　　　　　　　Case No. 17-cv-5035 (DSD/TNL)

　　　　　　Plaintiff,

v.

JOEL L. BROTT, Sheriff; DR. TODD
LEONARD, Physician; MICHELL SKROCH,
BSIU/CCHD Nursing Dir.; GWEN
BLOSSOM ENGLAND, CNP, RN; DR.
DIANA VANDERBEEK, Assistant Physician;
CAPT. TOM ZERWAS; SGT. TRAVIS
LINDSTROM; SGT. BRAD BOHN, Badge
#3419; C/O JIM ROURKE, Badge #3341;
C/O ANNE HERBST, Badge #3473; C/O
JOHNNIE GILBERT; C/O LISA SHORE,
Badge #2163; C/O JOSHUA JESBERG,
Badge #3304; C/O CATHERINE KOCH,
Badge #2145; C/O OLUWASEUN JIBOWU,
Badge #3397; C/O DENISE COOK; C/O
TAMMY BOROS; C/O NICHOLAS SIMON,
Badge #3384; C/O LOGAN BARRETT,
Badge #3305; C/O YVONNE ADAMS,
Badge #1757; C/O AMY KAHLER, Badge
#1901; C/O DAN WORBER, Badge #3360;
C/O LAURA HOLMQUIST, Badge #1719;
and C/O LORI BENNETT, Badge #1409,

　　　　　　Defendants.

This matter comes before the Court on pro se Plaintiff Marvin Spencer's Motion for Court Records (ECF No. 79). Plaintiff states that he "is making a request for two Memorandum for the United Stases [sic] court for the district of Minnesota , Ms. M. Tate. [sic] Counselor U.S. Deparrtment [sic] of Justice Federal Bureau of Prisonres [sic] Federal

1

Correctional Complex P.O. Box 5400 Adelanto, California 92301." First, it is unclear to this Court what documents Plaintiff is requesting copies of. Second, although Plaintiff has been granted leave to proceed *in forma pauperis* ("IFP"), this does not exempt him from payment of copying costs.

Under 28 U.S.C. § 1915, a litigant may request leave to proceed IFP due to financial hardship, the granting of which results in the waiver of some fees and installment payment of others depending on the circumstances. *See, e.g.*, 28 U.S.C. §§ 1915(b)(2) (allowing prisoners to pay remainder of filing fee in installments after payment of initial filing fee), (c) (directing United States to pay for printing of required records and transcripts in certain cases), (d) (stating "officers of the court shall issue and serve all process"). Section 1915 does not, however, relieve a litigant proceeding IFP from all the expenses of litigation. *See Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3rd Cir. 2009) ("We note that the granting of IFP status exempts litigants from filing fees only. It does not exempt litigants from the costs of copying and filing documents; service of documents other than the complaint; costs; expert witness fees; or sanctions." (citations omitted)). Section 1915 "does not authorize payment by the Court of indigent litigants' general copying costs." *Flores v. Morgen*, No. C08-5621 RJB/KLS, 2009 WL 2600034, at *1 (W.D. Wash. Aug. 21, 2009); *see also Anderson v. Gillis*, 236 F. App'x 738, 739 (3d Cir. 2007) (per curiam) ("The in forma pauperis statute does not grant the court the authority to provide an indigent litigant with copies of all the documents in the record.").

Plaintiff may contact the Clerk's Office to request copies of documents filed in this matter, specifically identifying which document(s) he seeks, and make arrangements for payment of copying costs at the Court's rate of $.50 per page:

Clerk of Court
U.S. Courthouse
300 South Fourth Street
Suite 202
Minneapolis, MN 55415

(612) 664-5000
(651) 848-1112

Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Court Records (ECF No. 79) is **DENIED WITHOUT PREJUDICE**.

2. All prior consistent orders remain in full force and effect.

Date: August  6 , 2019                    *s/ Tony N. Leung*
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota


                                          *Spencer v. Brott et al.*
                                          Case No. 17-cv-5035 (DSD/TNL)