# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

MARVIN SPENCER,                          Case No. 17-cv-5035 (DSD/TNL)

        Plaintiff,

v.

JOEL L. BROTT, Sheriff; DR. TODD
LEONARD, Physician; MICHELL SKROCH,
BSIU/CCHD Nursing Dir.; GWEN BLOSSOM
ENGLAND, CNP, RN; DR. DIANA
VANDERBEEK, Assistant Physician; CAPT.
TOM ZERWAS; SGT. TRAVIS LINDSTROM;
SGT. BRAD BOHN, Badge #3419; C/O JIM
ROURKE, Badge #3341; C/O ANNE HERBST,
Badge #3473; C/O JOHNNIE GILBERT; C/O
LISA SHORE, Badge #2163; C/O JOSHUA
JESBERG, Badge #3304; C/O CATHERINE
KOCH, Badge #2145; C/O OLUWASEUN
JIBOWU, Badge #3397; C/O DENISE COOK;
C/O TAMMY BOROS; C/O NICHOLAS
SIMON, Badge #3384; C/O LOGAN BARRETT,
Badge #3305; C/O YVONNE ADAMS, Badge
#1757; C/O AMY KAHLER, Badge #1901; C/O
DAN WORBER, Badge #3360; C/O LAURA
HOLMQUIST, Badge #1719; and C/O LORI
BENNETT, Badge #1409,

        Defendants.

---

MARVIN SPENCER,                          Case No. 17-cv-5220 (DSD/TNL)

        Plaintiff,

v.

JOEL L. BROTT, Sheriff; DR. TODD
LEONARD, Physician; MICHELL SKROCH,
BSIU/CCHD Nursing Dir.; GWEN BLOSSOM
ENGLAND, CNP, RN; DR. DIANA
VANDERBEEK, Assistant Physician; CAPT.
TOM ZERWAS; SGT. ARIC HANSON, Badge

1

#3401; SGT. REBECCA BEAL, Badge #3418;
SGT. TRAVIS LINDSTROM, Badge #; SGT.
BRAD BOHN, Badge #3419; C/O JIM
ROURKE, Badge #3341; C/O ANNE HERBST,
Badge #3473; C/O JOHNNIE GILBERT, Badge
#; C/O LISA SHORE, Badge #2163; C/O
JOSHUA JESBERG, Badge #3304; C/O
CATHERINE KOCH, Badge #2145; C/O
OLUWASEUN JIBOWU, Badge #3397; C/O
DENISE COOK; C/O TAMMY BOROS, Badge
#; C/O NICHOLAS SIMON, Badge #3384; C/O
LOGAN BARRETT, Badge #3305; C/O
YVONNE ADAMS, Badge #1757; C/O AMY
KAHLER, Badge #1901; C/O DAN WORBER,
Badge #3360; C/O LAURA HOLMQUIST,
Badge #1719; C/O LORI BENNETT, Badge
#1409; C/O CHRISTOPHER HANSEN, Badge
#1074; C/O THERESA KLINGE, Badge #;
JENNIE R. THOMPSON, RN; GWENDOLYN
BLOSSOM ENGLAND, RN; ALYSSA
PFEIFER, RN; MICHELLE SKROCH, RN;
MINDI JOHNSON, CMA; BRIONY BOHN,
LPN; CASSANDRA JAMES, RN; and KAYLA
HERTENSTEIN, RN,

                    Defendants.

---

## REPORT & RECOMMENDATION

---

### I. INTRODUCTION

This matter is before the Court on the Motion for Dismissal of Sherburne County filed in these consolidated actions. (ECF No. 48 in No. 17-cv-5035; ECF No. 27 in 17-cv-5220.) This motion has been referred to the undersigned for a report and recommendation to the district court, the Honorable David S. Doty, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1. Because pro se Plaintiff Marvin Spencer's proposed Amended Complaint (ECF No. 82 in No. 17-cv-5035; ECF No. 46

in 17-cv-5220[1]) and Motion for Continuance (ECF No. 76 in 17-cv-5035) arguably touch on aspects of Sherburne County's motion to dismiss, the Court has included them in this report and recommendation as well.

Based upon the record, memoranda, and proceedings herein, it is recommended that Sherburne County's motion to dismiss be granted in part and denied in part; Plaintiff's proposed Amended Complaint be stricken; Plaintiff's motion for continuance be denied; and certain defendants be dismissed as outlined below.

## II. BACKGROUND

Plaintiff brings these two actions, referred to as *Spencer I*, No. 17-cv-5035, and *Spencer II*, No. 17-cv-5220, for alleged violations of his constitutional rights based on deliberate indifference to his medical needs while he was confined at the Sherburne County Jail in Minnesota. (*See Spencer I* Compl., ECF No. 1 in No. 17-cv-5035; *Spencer II* Compl., ECF No. 1 in No. 17-cv-5220; ECF No. 1-1 at 51 in No. 17-cv-5035; ECF No. 1-1 at 49 in No. 17-cv-5220.) As alleged in the Complaints, the defendants are individuals who provide and oversee inmate medical care as well as those whose responsibilities include maintaining inmate health and safety. (*See Spencer I* Compl. at 2-4, 11-19; *Spencer II* Compl. at 2-4, 11-25.)

The rather convoluted beginning of these now consolidated cases is set forth in the January 23, 2019 Order, consolidating these matters. (ECF No. 32 in No. 17-cv-5035.[2]) For purposes of the instant motions, the Court begins at the point in which *Spencer I* and *II* were consolidated.

---

[1] For ease of the reader, the Court will hereafter include tandem cites to documents filed in both *Spencer I* and *II* in footnotes.
[2] (ECF No. 16 in No. 17-cv-5220.)

**A.  February 21, 2019 Order to Complete Marshal Service Forms**

*Spencer I* and *II* were consolidated on January 23, 2019.  In a Case Management Order dated February 21, 2019, Plaintiff was given 45 days to complete and return Marshal Service Forms (Form USM-285) for each defendant.  Plaintiff was given 50 Marshal Service Forms, a number that included several extra forms in case Plaintiff made errors while completing the forms.  (Feb. 21 Case Mgmt. Order at 3 & n.1, ECF No. 36 in No. 17-cv-5035.[3])  The Court cautioned Plaintiff:

> As stated above, the Court has ordered that service proceed in both *Spencer I* and *Spencer II* following Plaintiff's timely submission of properly completed Marshal Service Forms.  The Court emphasizes that Plaintiff must comply with all Court-imposed deadlines to ensure that these cases move forward.  Though these consolidated cases were filed over a year ago, little has been accomplished to bring them closer to a resolution on the merits.  Plaintiff has a history of failing to adhere to deadlines established by the Court and not communicating with the Court for extended periods of time.  Notwithstanding his pro se status and present incarceration, Plaintiff is subject to deadlines just like any other litigant.  If Plaintiff wants to have his claims adjudicated on the merits, Plaintiff is strongly cautioned to comply with Court-imposed deadlines going forward.  Failure to do so will result in the Court's recommendation that these consolidated actions be dismissed for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

(Feb. 21 Case Mgmt. Order at 6.)

**B.  March 29, 2019 Order Granting Extension of Time**

Plaintiff subsequently filed a motion for an extension of time, which the Court construed "as a request to extend the deadline for submitting the completed Marshal Service Forms." (Mar. 29 Order at 3, ECF No. 43 in No. 17-cv-5035.[4])  In the motion, "Plaintiff state[d] that he ha[d] been transferred from one corrections facility to another and admitted for surgery."  (Mar. 29 Order at 2.)  In an Order dated March 29, 2019, the Court granted Plaintiff an additional 30

---

[3] (ECF No. 17 in No. 17-cv-5220.)
[4] (ECF No. 23 in No. 17-cv-5220.)

days from the date of the Order to submit the Marshal Service Forms. (*See generally* Mar. 29 Order.) Recognizing that Plaintiff was undergoing serious medical treatment, the Court reminded Plaintiff of the need to comply with all Court-imposed deadlines to ensure that these cases move forward and cautioned him that future extension requests may not be granted. (Mar. 29 Order at 3.) The Court also again warned Plaintiff that failure to submit the Marshal Service Forms in compliance with the deadline would result in a recommendation that these consolidated matters be dismissed for failure to prosecute.

### C. April 10, 2019 Order Denying Without Prejudice Second Extension Request

Shortly thereafter, Plaintiff filed a second motion for an extension of time. (Apr. 10 Order at 2, ECF No. 45 in No. 17-cv-5035.[5]) Plaintiff again cited medical treatment, including surgery, as the basis for the requested extension as well as the fact that he was "not currently 'in possession of his legal papers [and] U.S. Marshal Forms.'" (Apr. 10 Order at 3 (alteration in original).)

In an Order dated April 10, 2019, the Court noted that it was "highly doubtful Plaintiff received the Court's March 29, 2019 Order granting him a 30-day extension before filing . . . [this] motion, which was received by the Court on April 1." (Apr. 10 Order at 3.) The Court denied Plaintiff's motion without prejudice and reiterated that Plaintiff had 30 days from the date of the March 29 Order to submit the Marshal Service Forms. (Apr. 10 Order at 4.)

Further, observing that the documentation Plaintiff had referenced in support of his request was "two months old and Plaintiff ha[d] since been transferred [to] a correctional facility located in another state," the Court stated that "[a]ny future extension requests must be supported by contemporaneous documentation from the correctional facility or appropriate medical provider specifically demonstrating and describing how a medical impediment and/or

---

[5] (ECF No. 24 in No. 17-cv-5220.)

circumstance beyond Plaintiff's control prevents him from complying with Court-ordered deadlines." (Apr. 10 Order at 4.)

### D. Sherburne County

On April 5, 2019, Sherburne County[6] was served via the County Auditor. (ECF No. 46 in No. 17-cv-5035[7]; *see* Defs.' Mem. in Supp. at 2-3.) Thereafter, Sherburne County filed the instant motion to dismiss in *Spencer I* and *II*, and the Court issued a Case Management Order setting forth a briefing schedule. (ECF No. 57 in No. 17-cv-5035.[8])

### E. 30 Marshal Service Forms Received & Request for Additional Forms

On April 24, 2019, the Court received 30 completed Marshal Service Forms from Plaintiff along with a letter request for additional forms. (May 16 Order at 2, ECF No. 56 in No. 17-cv-5035.[9]) "Of the forms received, 14 of them were for currently named Defendants; 6 of them were for Defendants Plaintiff had previously voluntarily dismissed; and 10 of them were for individuals not named in either *Spencer I* or *Spencer II*." (May 16 Order at 3.) "Plaintiff . . . request[ed] an additional 21 forms." (May 16 Order at 3.)

In an Order dated May 16, 2019, the Court noted that it had not received completed Marshal Service Forms for Defendants "C/O Nicholas Simon, Sgt. Aric Hanson, Sgt. Rebecca Beal, C/O Christopher Hansen, C/O Theresa Klinge, C/O Jennie R. Thompson, Alyssa Pfeifer, Mindi Johnson, Briony Bohn, Cassandra James, and Kayla Hertenstein."[10] (May 16 Order at 3.)

---

[6] Sherburne County is not a named defendant in either *Spencer I* or *Spencer II*. The Court ordered that the United States Marshal serve the defendants in *Spencer I* and *II* in both their individual and official capacities as Plaintiff did not clarify whether he was suing the defendants in their individual capacities, their official capacities, or both. (Feb. 21 Case Mgmt. Order at 7-8; *see* ECF No. 3 at 3 n.2 in No. 17-cv-5035; ECF No. 8 at 3-5 in Nov. 17-cv-5035.) The Court did not, as Sherburne County asserts, "acknowledg[e] that the named Defendants in *Spencer I and Spencer II* were sued in their personal capacity." (Defs.' Mem. in Supp. at 4, ECF No. 50 in No. 17-cv-5035; ECF No. 29 in No. 17-cv-5220.)

[7] (ECF No. 25 in No. 17-cv-5220.)

[8] (ECF No. 37 in No. 17-cv-5220.)

[9] (ECF No. 36 in No. 17-cv-5220.)

[10] A Marshal Service Form for C/O Boros had in fact been received by the Court. (*Contra* May 16 Order at 3.)

The Court granted Plaintiff's request for additional Marshal Service Forms in part so that these individuals could be served and also directed that Plaintiff be provided with a few extra forms in case he made errors while completing the forms. (May 16 Order at 3 & n.2.) Plaintiff was given 30 days to submit Marshal Service Forms for these remaining individuals, failing which it would be recommended that they be dismissed from these consolidated actions for failure to prosecute. (May 16 Order at 3, 4.) Plaintiff did not submit Marshal Service Forms for these individuals.

### F. Individual Defendants

On May 17, 2019, Notices of a Lawsuit and Requests to Waive Service of a Summons were sent to Defendants Joel L. Brott, Dr. Todd Leonard, Michelle Skroch[11], Gwen Blossom England[12], Capt. Tom Zerwas, Sgt. Travis Lindstrom, Sgt. Brad Bohn, C/O Jim Rourke, C/O Anne Herbst, C/O Johnnie Gilbert, C/O Oluwaseun Jibowu, C/O Tammy Boros, C/O Logan Barrett, and C/O Dan Wrobel[13] in *Spencer I* and *II*. (ECF Nos. 58, 59 in No. 17-cv-5035.[14])

#### 1. County Defendants

Sheriff Brott, Capt. Zerwas, Sgt. Lindstrom, Sgt. Bohn, C/O Rourke, C/O Herbst, C/O Gilbert, C/O Jibowu, and C/O Boros (collectively, "County Defendants") filed a waiver of service on June 14, 2019. (ECF No. 67 in No. 17-cv-5035.[15]) The County Defendants then filed a Joint Answer in *Spencer I* and *II*. (ECF No. 75 in No. 17-cv-5035.[16])

---

[11] Skroch appears to have been named twice in *Spencer II*. (*Spencer II* Compl. ¶¶ B.2, B.31.) Skroch's first name was also at times misspelled as "Michell." (*See* ECF No. 73 in No. 17-cv-5035.)

[12] Blossom England also appears to have been named twice in *Spencer II* albeit under two different spellings. (*Spencer II* Compl. ¶¶ B.3, B.29.)

[13] C/O Wrobel's last name was incorrectly spelled as "Worber" in both *Spencer I* and *II*. (ECF No. 68 in No. 17-cv-5035; ECF No. 43 in No. 17-cv-5220; *see Spencer I* Compl. ¶ B.23; *Spencer II* Compl. ¶ B.23.)

[14] (ECF Nos. 38, 39 in No. 17-cv-5220.)

[15] (ECF No. 42 in No. 17-cv-5220.)

[16] (ECF No. 44 in No. 17-cv-5220.)

### 2. Dr. Leonard, Skroch & Blossom England

Dr. Leonard, Skroch, and Blossom England filed a waiver of service on June 14, 2019 in *Spencer I* as well.[17]  (ECF No. 69 in No. 17-cv-5035.)  Dr. Leonard, Skroch, and Blossom England then filed an Answer in *Spencer I*.[18]  (ECF No. 73 in No. 17-cv-5035.)

### 3. Barrett & Wrobel

On June 14, 2019, Sherburne County filed a letter stating that the Notices of a Lawsuit and Requests to Waive Service of a Summons for Barrett and Wrobel had been received.  (ECF No. 68 in No. 17-cv-5035.[19])  Sherburne County further stated that while "[t]hese two individuals were at one time employed by Sherburne County, [they] no longer work at Sherburne County," and therefore the Notices of a Lawsuit and Requests to Waive Service of a Summons for Barrett and Wrobel were not effective.  (ECF No. 68 at 17-cv-5035.)

### G. Third Extension Request

On July 25, 2019, more than one month after the deadline for Plaintiff to respond to the motion to dismiss, Plaintiff filed a motion seeking another extension of time to effect service in *Spencer I*.  (*See generally* Mot. for Continuance, ECF No. 76 in No. 17-cv-5035.)  In his motion, Plaintiff acknowledged ultimately receiving the Court's May 16 Order and the additional Marshal Service Forms, but stated there was a two-week delay in his receipt of the Order.  Plaintiff also states that he received his property less than one month ago and "[i]t was not

---

[17] Defendant Dr. Diana VanDerBeek was also included in the waiver.  (ECF No. 69 in No. 17-cv-5035.)  Plaintiff voluntarily dismissed Dr. VanDerBeek from *Spencer I* and *II*, however, on May 2, 2019.  (ECF No. 54 in No. 17-cv-5035; ECF No. 34 in No. 17-cv-5220.)  *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (plaintiff may voluntarily dismiss an action without court order by filing "a notice of dismiss before the opposing party serve either an answer or a motion for summary judgment").  Dr. VanDerBeek also answered along with Dr. Leonard, Skroch, and Blossom England. *See* text accompanying n.18.

[18] For reasons that are not entirely clear to this Court, while Dr. Leonard, Skroch, and Blossom England were sent Notices of a Lawsuit and Requests to Waive Service of a Summons in both *Spencer I* and *II* on the same day, they only filed a waiver and an Answer in *Spencer I*.  By separate order, Dr. Leonard, Skroch, and Blossom England will be ordered to answer or otherwise respond in *Spencer II* within 10 days.

[19] (ECF No. 43 in No. 17-cv-5220.)

possible to comply with the [O]rder before that." (Mot. for Continuance at 1.) Plaintiff further states that he had surgery on June 18 and is still recovering. Lastly, Plaintiff states that he "still has not gotten the eye surgery he needs, leaving him completely blind in his right eye," and "[h]is other eye has diminished vision." (Mot. for Continuance at 1-2.)

Despite the Court's prior directive that "[a]ny future extension requests . . . be supported by contemporaneous documentation from the correctional facility or appropriate medical provider specifically demonstrating and describing how a medical impediment and/or circumstance beyond Plaintiff's control prevent[ed] him from complying with Court-ordered deadlines," (Apr. 10 Order at 4), Plaintiff did not include documentation to support any of the proffered reasons for the requested extension.

### III. MOTION TO DISMISS & PROPOSED AMENDED COMPLAINT

Sherburne County moves for dismissal based on insufficient service of process and failure to state a claim. Sherburne County acknowledges that the Auditor for Sherburne County was served in these matters, and that such service is sufficient if Plaintiff were asserting claims against the County itself or against a County employee in his or her official capacity. *See* Fed. R. Civ. P. 4(j)(2)(B) (permitting service on a local government "in the manner prescribed by the state's law for serving a summons or like process on such a defendant"); Minn. R. Civ. P. 4(e)(1) (county served through "chair of the county board or . . . the county auditor"). Sherburne County maintains, however, that Plaintiff has not named the County as a defendant and has only asserted individual-capacity claims.

#### A. Official vs. Individual-Capacity Claims

"Public servants may be sued under section 1983 either in their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.

1999) (citing *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997)); *accord Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).[20]  Under existing precedent in the Eighth Circuit, a plaintiff must "expressly and unambiguously state" that the public official is being sued in his or her individual capacity, "otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson*, 172 F.3d at 535; *see, e.g.*, *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016); *Remington v. Hoopes*, 611 F. App'x 883, 884-85 (8th Cir. 2015); *Baker*, 501 F.3d at 923-24; *Murphy*, 127 F.3d at 754-55; *Egerdahl v. Hibbing Cmty. College*, 72 F.3d 615, 619-20 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). "Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535 (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)); *see also Uland v. City of Winsted*, 570 F. Supp. 2d 1114, 1119-20 (D. Minn. 2008) ("If no capacity is stated, the claim is deemed to be against the person in an official capacity, which in turn means that the suit is one against the employing municipality." (citations omitted)).  The capacity in which the County employees have been sued dictates the type of defendant involved (an individual, the governmental employer, or both) and thus the method of service required.  *See* Fed. R. Civ. P. 4(e)-(j).

Plaintiff has not made any statement in his pleadings in *Spencer I* and *II*—much less an express and unambiguous statement—that he intends to sue the County employees in their

---

[20] Plaintiff filed these actions using "Federal Civil Rights Complaint (*Bivens* Action)" forms from the United States District Court for the Northern District of West Virginia. (*Spencer I* Compl. at 1; *Spencer II* Compl. at 1.)  "Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, an individual may sue federal officials for constitutional violations.  An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Mendoza v. United States Immigration & Customs Enf't*, 849 F.3d 408, 415 n.3 (8th Cir. 2017) (citations and quotation omitted).  Because Plaintiff has not named any federal defendants, the Court construes his claims under § 1983 rather than its federal counterpart.  *See United States v. Loera*, No. CR 13-1876 JB, 2017 WL 3098257, at *36-38 & n.17 (D. N.M. June 22, 2017).

individual capacities. Plaintiff did not specify the capacity in which he was suing the County employees in the case captions or when listing the County employees individually. Nor do Plaintiff's allegations contain a clear statement indicating that the County employees are being sued in their individual capacities. Notably, the Court informed Plaintiff on at least two occasions that he should clarify whether he is suing the County employees in their individual capacities, their official capacities, or both. (*See, e.g.*, ECF No. 3 at 3 n.2 in No. 17-cv-5035; ECF No. 8 at 3-5 in No. 17-cv-5035.) Yet, Plaintiff failed to do so in a timely manner. *See infra* Section III.C.

Somewhat curiously, Sherburne County argues that the claims asserted against the County employees in *Spencer I* and *II* should be treated as *individual-capacity* rather than official-capacity claims. This argument is based on the inclusion of each County employee's alleged job duties and a demand for "damages for each defendant individually" in the pleadings. (*Spencer I* Compl. at 2-4, 9, 11-19; *Spencer II* Compl. at 2-4, 9, 11-25.) The Eighth Circuit, however, has held that such "cryptic hint[s]," *Egerdahl*, 72 F.3d at 620, and "ambiguous pleading," *Baker*, 501 F.3d at 924, are not sufficient. *See, e.g.*, *Remington*, 611 F. App'x at 885. The Eighth Circuit has rejected arguments to characterize claims as being brought against a defendant in his or her individual capacity *absent an express and unambiguous statement* in cases where the defendants were referred to by name rather than official position, *Egerdahl*, 72 F.3d at 619-20; "substantive paragraphs included a reference to [certain defendants] as 'individual Defendants,'" *Baker*, 501 F.3d at 924; and "the complaint's caption and content included only the name of each defendant and his official title," *Remington*, 611 F. App'x at 885.

Similarly, the inclusion of a request for punitive damages, as Plaintiff has done here, is also not sufficient—notwithstanding that such damages may not be recovered in connection with

an official-capacity claim, *i.e.*, may not be recovered against the employing municipality. *See Baker*, 501 F.3d at 924; *see also City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[A] municipality is immune from punitive damages under 42 U.S.C. § 1983."); *see, e.g., Rosillo v. Holten*, No. 13-cv-1940 (JNE/SER), 2014 WL 7357308, at *3 (D. Minn. Dec. 23, 2014) (including request for punitive damages in complaint where such damages were only available in connection with an individual-capacity claim "afford[ed] no basis for overlooking Rosillio's failure to specifically assert his § 1983 claim against Holten in his individual capacity in the Complaint"); *accord Sorenson v. Minn. Dep't of Human Servs.*, No. 15-cv-1573 (ADM/LIB), 2016 WL 616934, at *7-8 (D. Minn. Jan. 25, 2016), *report and recommendation adopted*, 2016 WL 614382 (D. Minn. Feb. 16, 2016), *order amended on reconsideration*, 2016 WL 5348574 (D. Minn. Sept. 23, 2016).

Recognizing that other circuit courts of appeal "have adopted a more lenient pleading rule," the Eighth Circuit has "strictly enforce[d] this pleading requirement." *Murphy*, 127 F.3d at 755; *see Baker*, 501 F.3d at 924 n.2 ("Baker argues that the Eighth Circuit 'holds a lonely position' on this issue and urges us to adopt the 'flexible approach' of other circuits. This argument must be addressed to the court en banc."); *see also Wealot v. Brooks*, 865 F.3d 1119, 1130 (8th Cir. 2017) (Wollman, J., concurring) ("Our circuit's requirement of a clear statement that a defendant is being sued in an individual capacity may represent a lonely position on this issue, but it is one that must be addressed to the court en banc." (quotation omitted)). The Eighth Circuit "ha[s] continued to apply [its] more stringent pleading rule, and in one instance even done so when the parties and district court ignored the capacity issue in the first instance." *Wealot*, 865 F.3d at 1123 n.4 (citing *Remington*, 611 F. App'x at 884-85). *But see id.* (permitting

district court to consider on remand whether plaintiff should be allowed "to amend her complaint to reflect the course of these proceedings").

Further, courts in this District have held that "[t]his rule is strictly enforced against a *pro se* plaintiff despite the generally liberal construction of *pro se* pleadings." *Kelly v. Ramsey Cty. Sheriff's Office*, No. 08-cv-5028 (JMR/JJK), 2009 WL 511695, at *4 (D. Minn. 2009); *see, e.g.*, *Fox v. Roy*, No. 15-cv-2594 (DSD/TNL), 2016 WL 7975259, at *3 (D. Minn. Dec. 22, 2016), *adopting report and recommendation*, 2017 WL 359168 (D. Minn. Jan. 24, 2017); *Sorenson*, 2016 WL 616934, at *6-8.

As stated above, the capacity in which the County employees have been sued dictates the method of service required.  While Sherburne County argues that Plaintiff has raised only individual-capacity claims and therefore service on Sherburne County is not effective, the great weight of existing precedent as to the pleading requirements for individual-capacity claims is against them.  And despite being encouraged on at least two occasions to clarify the capacity in which the County employees were being sued, Plaintiff failed to do so.  Therefore, the Court construes the claims asserted against the County Defendants in *Spencer I* and *II* to be asserted against the County Defendants in their official capacities.  Further, as Sherburne County has identified C/O Barrett, C/O Wrobel, C/O Simon, Sgt. Hanson, and Sgt. Beal as County employees, (ECF No. 77 at 2 in No. 17-cv-5035), the Court construes the claims asserted against these individuals to be in their official capacities as well.[21]

Because the claims asserted against the County employees in *Spencer I* and *II* are official-capacity claims and Sherburne County has acknowledged that service on the County Auditor was effective for Sherburne County, the Court therefore recommends that Sherburne County's motion to dismiss be denied in part with respect to ineffective service of process.

---

[21] Sgt. Hanson and Sgt. Beal are named only in *Spencer II*.

### B.  Statement of a Claim

Sherburne County also moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Accordingly, the Court turns to whether Plaintiff has stated a claim against the County employees in their official capacities, namely, the County Defendants and C/O Barrett, C/O Wrobel, C/O Simon, Sgt. Hanson, and Sgt. Beal.

### 1.  Legal Standard

"To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations to 'state a claim to relief that is plausible on its face.'"  *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "[A]lthough a complaint need not contain 'detailed factual allegations,' it must contain facts with enough specificity 'to raise a right to relief above the speculative level.'"  *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  "In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant."  *Raynor*, 690 F.3d at 955.

"In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, [courts] hold a pro se complaint, however inartfully pleaded, to less stringent standards than

formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quotation omitted). But, "[a]lthough pro se complaints are to be construed liberally, 'they still must allege sufficient facts to support the claims advanced.'" *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Stated differently, "this standard does not excuse pro se complaints from 'alleg[ing] sufficient facts to support the claims advanced.'" *Gerstner v. Sebig, LLC*, 386 F. App'x 573, 575 (8th Cir. 2010) (per curiam) (alteration in original) (quoting *Stone*, 364 F.3d at 914).

### 2. County Policy or Custom

"Section 1983 creates a species of tort liability for the deprivation of any rights, privileges, or immunities secured by the Constitution." *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017) (quotations and citations omitted). "To state a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right secured by the Constitution and the laws of the United States and that the deprivation was committed by a person acting under color of state law." *Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013); *see* 42 U.S.C. § 1983.

A governmental entity like Sherburne County is not, however, generally liable for its employee's actions under § 1983. *Keefe v. City of Minneapolis*, 785 F.3d 1216, 1227 (8th Cir. 2015). A local government cannot be held vicariously liable under § 1983 for injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *accord Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007). "[A] governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation . . . ." *Graham*, 473 U.S. at 166 (quotation omitted). "[T]hus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.*; *see Monell*, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom,

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

Accordingly, "a plaintiff must identify a governmental policy or custom that caused the plaintiff's injury to recover from a governmental entity under § 1983." *Brockinton*, 503 F.3d at 674 (quotation omitted); *accord White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) ("Since § 1983 does not allow for vicarious liability, a plaintiff must identify a governmental policy or custom that caused the plaintiff's injury to recover under that statute." (quotation omitted)); *see City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."). "A governmental policy involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy." *Brockinton*, 503 F.3d at 674 (quotation omitted). "A governmental custom involves a pattern of persistent and widespread practices which become so permanent and well settled as to have the effect and force of law." *Id.* (quotation omitted).

Sherburne County asserts that Plaintiff has failed to state a claim because "at no point does [Plaintiff] make any allegation that a government policy or custom was in place that caused [his] alleged constitutional violation." (Defs.' Mem. in Supp. at 3.) Plaintiff did not respond to the motion to dismiss. "[O]n that basis alone, . . . [the] motion to dismiss should be granted." *Christensen v. PennyMac Loan Servs., LLC*, 988 F. Supp. 2d 1036, 1042 (D. Minn. 2013) (citing cases); *see Zimmerschied v. JP Morgan Chase Bank, N.A.*, 49 F. Supp. 3d 583, 590-91 (D. Minn. 2014) (citing cases).

But even assuming for purposes of the instant motion that the County employees were deliberately indifferent to Plaintiff's medical needs, Plaintiff has not identified, or even alleged the existence of, any particular policy or custom of Sherburne County causing the alleged deprivation. A plaintiff that "allege[s] no facts in his complaint that would demonstrate the existence of a policy or custom by [the county] that caused [the alleged] deprivation" fails to state a § 1983 claim against the county. *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013); *see Kelly*, 813 F.3d at 1075-76. Accordingly, the Court concludes that Plaintiff has failed to state a claim against the County employees in their official capacities, and consequently against Sherburne County itself.

The Court therefore recommends that Sherburne County's motion to dismiss be granted in part, and all claims against the County Defendants and C/O Barrett, C/O Wrobel, C/O Simon, Sgt. Hanson, and Sgt. Beal be dismissed without prejudice for failure to state a claim.

### C. Proposed Amended Complaint

Plaintiff has filed a purported "Amended Complaint," which the Court has construed as a proposed Amended Complaint. (ECF No. 82 in No. 17-cv-5035.[22]) Sherburne County objects to the filing of the proposed Amended Complaint on grounds that it is procedurally improper. (ECF No. 84 in No. 17-cv-5035.[23])

The proposed Amended Complaint was filed well beyond the 21 days permitted under Rule 15(a)(1)(B) to file an amended pleading as a matter of course following a Rule 12(b) motion, and more than two months after the deadline set by the Court to respond to Sherburne County's motion to dismiss. (ECF No. 57 in No. 17-cv-5035.[24]) The proposed Amended

---

[22] (ECF No. 46 in No. 17-cv-5220.)
[23] (ECF No. 47 in No. 17-cv-5220.) Dr. Leonard, Skroch, and Blossom England (as well as the previously dismissed Dr. VanDerBeek) also object to the proposed Amended Complaint. (ECF No. 85 in No. 17-cv-5035.)
[24] (ECF No. 37 in No. 17-cv-5220.)

Complaint was also filed by itself, without an accompanying motion requesting leave to amend.[25]  *See* Fed. R. Civ. P. 15(a)(2); D. Minn. LR 17.1(b).  And, the proposed Amended Complaint failed to comply with Local Rule 15.1(b), which requires that "[a]ny motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows – through redlining, underlining, strikeouts, or other similarly effective typographic methods – how the proposed amended pleading differs from the operative pleading."  Plaintiff's status as a pro se litigant does not excuse him from following the Court's Local Rules.  *Bunch v. Univ. of Ark. Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017) ("Bunch's status as a pro se litigant did not excuse her from following the local rules." (citing *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002)).

Moreover, while the proposed Amended Complaint does expressly indicate the capacity in which the individuals named therein are being sued, the proposed Amended Complaint generates more questions and confusion than it provides clarity to these proceedings.  There is no case number on the proposed Amended Complaint.  Thus, it is not clear whether Plaintiff is trying to amend *Spencer I* or *II*, or trying to combine these two actions into a single action as suggested by the Court long ago.  (ECF No. 8 at 4-5 in No. 17-cv-5035.)

Nor does a comparison of the individuals named in the proposed Amended Complaint with the defendants named in *Spencer I* and *II* supply any answers.  Although the proposed Amended Complaint has more defendants in common with *Spencer II*, Plaintiff included the last four digits of the case number for *Spencer I* on five of the six Marshal Service Forms he sent along with the proposed Amended Complaint.  On the sixth, Plaintiff included the case number for *Spencer II*.

---

[25] For the reasons discussed herein, Plaintiff's prior self-styled motion to amend is of little assistance.

A prior self-styled motion to amend titled "Motion to Correct the Errors in Spencer v. Brott II," which was denied by the Court without prejudice because it did not include a proposed amended pleading, is also of little assistance.  (ECF Nos. 32, 36 in No. 17-cv-5220.[26])  In that motion, Plaintiff indicated that he wanted to add five United States Marshals and the "Correction Corporation of America" to *Spencer II*.  (ECF No. 36 at 4.)  In the proposed Amended Complaint, Plaintiff names three United States Marshals, not five, and does not include "Correction Corporation of America."  While it may be that Plaintiff has decided that he no longer wants to bring claims against the other two United States Marshals and "Correction Corporation of America," Plaintiff goes on to name another *ten individuals* in the proposed Amended Complaint that were not previously named in *Spencer I* or *II*.  The proposed Amended Complaint also includes a defendant Plaintiff previously voluntarily dismissed from both *Spencer I* and *II*.

Further, even putting all of this aside and according the proposed Amended Complaint the most generous of constructions, the proposed Amended Complaint does not correct the fundamental problem with Plaintiff's official-capacity claims: Plaintiff does not identify or allege the existence of any Sherburne County policy or custom that caused the alleged deliberate indifference to his medical needs.

In granting deference to pro se litigants, the Eighth Circuit has explained,

> [w]hen we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.

---

[26] (ECF No. 56 in No. 17-cv-5035.)

*Stone*, 364 F.3d at 915.  At the same time, the Court may not "assume the role of advocate for the pro se litigant."  *Machen v. Iverson*, No. 11-cv-1557 (DWF/JSM), 2012 WL 566977, at *15 (D. Minn. Jan. 23, 2012) (quotation omitted), *report and recommendation adopted*, 2012 WL 567128 (D. Minn. Feb. 21, 2012); *see Bracken v. Dormire*, 247 F.3d 699, 705 (8th Cir. 2001) (Arnold, J., dissenting) ("Of course, a pro se pleading is not a magic hat out of which a court may pull any claim it thinks should have been advanced.").

Here, the Court is unable to discern what Plaintiff is attempting to do with the proposed Amended Complaint.  Plaintiff's proposed Amended Complaint is procedurally improper and, when viewed in conjunction with the circuitous history of these proceedings, fails to provide any insight into what Plaintiff is actually trying to amend or accomplish.

Under Rule 12(f), the Court may *sua sponte* "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f)(1).  "Because the proposed Amended Complaint is unauthorized, it is inoperative, and therefore impertinent."  *Sunde v. Haley*, No. 3:12-cv-00416-RCJ-WGC, 2013 WL 5973815, at *6 (D. Nev. Nov. 7, 2013) (striking unauthorized and inoperative proposed amended complaint); *see Marmolejo v. Penzone*, No. CV-17-03421-PHX-GMS (ESW), 2018 WL 3997661, at *1 (D. Ariz. Aug. 21, 2018) (striking proposed amended complaint for failure to comply with local rules); *see also Allen v. Figuera*, 416 F. App'x 771, 775 (10th Cir. 2011) (magistrate judge did not abuse discretion in striking pro se plaintiff's affidavits that "attempt[ed] to circumvent the process established by the [Federal Rules of Civil Procedure]").  Therefore, the Court recommends that the Clerk of Court be directed to strike the proposed Amended Complaint.

## IV. UNSERVED DEFENDANTS & MOTION FOR CONTINUANCE

There remain a number of defendants in *Spencer II* for whom the Court has not received Marshal Service Forms and who have also not been identified as County employees: C/O Christopher Hansen, C/O Theresa Klinge, Jennie R. Thompson, Alyssa Pfeifer, Mindi Johnson, Briony Bohn, Cassandra James, and Kayla Hertenstein (collectively, "Unserved Defendants").[27]

Plaintiff was first ordered to provide completed Marshal Service Forms for the Unserved Defendants in February 2019.  In March, he was granted an extension of time.  In May, he was granted additional time and provided with more Marshal Service Forms at his request.  Each time, the Court warned Plaintiff that a failure to comply with the deadline would result in the Court recommending dismissal for lack of prosecution.  To date, Plaintiff has not provided completed Marshal Service Forms for the Unserved Defendants.

Approximately one month after the extended deadline, Plaintiff filed a motion requesting more time to complete the Marshal Service Forms for the Unserved Defendants.[28]  In the motion, Plaintiff cited various circumstances for his non-compliance.  Notably absent from Plaintiff's motion, however, was contemporaneous documentation from the correctional facility or appropriate medical provider specifically demonstrating and describing how a medical impediment and/or circumstance beyond Plaintiff's control prevented him from complying with the Court-ordered deadline.  The Court previously ordered that any future extension requests must be supported by such documentation.

---

[27] These defendants were named only in *Spencer II*.

[28] Sherburne County objected to Plaintiff's motion.  (ECF No. 77 in No. 17-cv-5035.)  Because the Court has recommended that all claims against the County employees be dismissed, *see supra* Sections III.A, B, Sherburne County's objection is moot.

      Without seeking leave of Court to file a reply memorandum, Plaintiff filed a reply to Sherburne County's objection stating that he "has dealt with several circumstances beyond his control."  (ECF No. 81 in No. 17-cv-5035.)  *See* D. Minn. LR 7.1(b)(3) ("Except with the court's prior permission, a party must not file a reply memorandum in support of a nondispositive motion."); *see also Bunch*, 863 F.3d at 1067.  Plaintiff is reminded to comply with the Court's Local Rules going forward.

"District courts have inherent power to dismiss sua sponte a case for failure to prosecute . . . ." *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993) (citing Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33 (1962)).  A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)); *see Link*, 370 U.S. at 629 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

As Plaintiff was granted leave to proceed *in forma pauperis*, he was entitled to have service completed by the United States Marshal.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  But, it was still Plaintiff's responsibility to provide the addresses for service on the Unserved Defendants.  *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993).  And, despite repeated opportunities to do so, Plaintiff has failed to comply with the Court's orders to provide completed Marshal Service Forms for the Unserved Defendants.  Further, having not supported his latest extension request with contemporaneous documentation from the correctional facility or appropriate medical provider specifically demonstrating and describing how a medical impediment and/or circumstance beyond Plaintiff's control prevented him from complying with the Court-ordered deadline, Plaintiff has failed to show good cause for another extension.

Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).  Dismissal with prejudice is appropriate only where the plaintiff has intentionally delayed the action or has consistently and willfully failed to prosecute his claims or comply with court orders.  *See, e.g.*, *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008); *Sterling*,

985 F.2d at 412; *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984). Plaintiff's failure to return Marshal Service Forms for the Unserved Defendants in compliance with this Court's orders despite being given nearly four months to do so and in the face of repeated warnings as to the consequences of non-compliance amounts to a consistent and willful failure to comply with this Court's orders and prosecute his claims against the Unserved Defendants. Therefore, the Court recommends that the Unserved Defendants be dismissed with prejudice from *Spencer II*. *See Robinson v. Morgan*, 21 F. App'x 544, 545 (8th Cir. 2001) (per curiam); *see also Skelton v. Henry*, 390 F.3d 614, 619 (8th Cir. 2004).

## V. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Motion for Dismissal of Sherburne County (ECF No. 48 in No. 17-cv-5035; ECF No. 27 in 17-cv-5220) be **GRANTED IN PART** and **DENIED IN PART** as set forth herein, namely:

    a. Defendants Joel L. Brott, Capt. Tom Zerwas, Sgt. Travis Lindstrom, Sgt. Brad Bohn, C/O Jim Rourke, C/O Anne Herbst, C/O Johnnie Gilbert, C/O Oluwaseun Jibowu, C/O Tammy Boros, C/O Nicholas Simon, C/O Logan Barrett, and C/O Dan Wrobel be **DISMISSED WITHOUT PREJUDICE** from *Spencer I* and *Spencer II* for failure to state a claim.

    b. Defendants Sgt. Aric Hanson and Sgt. Rebecca Beal be **DISMISSED WITHOUT PREJUDICE** from *Spencer II* for failure to state a claim.

2. The Clerk of Court be **DIRECTED TO STRIKE** Plaintiff's proposed Amended Complaint (ECF No. 82 in No. 17-cv-5035; ECF No. 46 in 17-cv-5220).

3. Plaintiff's Motion for Continuance (ECF No. 76 in 17-cv-5035) be **DENIED**.

4. Defendants C/O Christopher Hansen, C/O Theresa Klinge, Jennie R. Thompson, Alyssa Pfeifer, Mindi Johnson, Briony Bohn, Cassandra James, and Kayla Hertenstein be **DISMISSED WITH PREJUDICE** from *Spencer II* for failure to prosecute.

Date: November____21____, 2019                      _____*s/ Tony N. Leung*_____
                                                   Tony N. Leung
                                                   United States Magistrate Judge
                                                   District of Minnesota


                                                   *Spencer v. Brott et al.*
                                                   Case No. 17-cv-5035 (DSD/TNL)


                                                   *Spencer v. Brott et al.*
                                                   Case No. 17-cv-5220 (DSD/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).