# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

MARVIN SPENCER,

        Plaintiff,

v.

JOEL L. BROTT, Sheriff; DR. TODD
LEONARD, Physician; MICHELL SKROCH,
BSIU/CCHD Nursing Dir.; GWEN BLOSSOM
ENGLAND, CNP, RN; DR. DIANA
VANDERBEEK, Assistant Physician; CAPT.
TOM ZERWAS; SGT. TRAVIS LINDSTROM;
SGT. BRAD BOHN, Badge #3419; C/O JIM
ROURKE, Badge #3341; C/O ANNE HERBST,
Badge #3473; C/O JOHNNIE GILBERT; C/O
LISA SHORE, Badge #2163; C/O JOSHUA
JESBERG, Badge #3304; C/O CATHERINE
KOCH, Badge #2145; C/O OLUWASEUN
JIBOWU, Badge #3397; C/O DENISE COOK;
C/O TAMMY BOROS; C/O NICHOLAS
SIMON, Badge #3384; C/O LOGAN BARRETT,
Badge #3305; C/O YVONNE ADAMS, Badge
#1757; C/O AMY KAHLER, Badge #1901; C/O
DAN WORBER, Badge #3360; C/O LAURA
HOLMQUIST, Badge #1719; and C/O LORI
BENNETT, Badge #1409,

        Defendants.

Case No. 17-cv-5035 (DSD/TNL)

---

MARVIN SPENCER,

        Plaintiff,

v.

JOEL L. BROTT, Sheriff; DR. TODD
LEONARD, Physician; MICHELL SKROCH,
BSIU/CCHD Nursing Dir.; GWEN BLOSSOM
ENGLAND, CNP, RN; DR. DIANA
VANDERBEEK, Assistant Physician; CAPT.
TOM ZERWAS; SGT. ARIC HANSON, Badge

Case No. 17-cv-5220 (DSD/TNL)

#3401; SGT. REBECCA BEAL, Badge #3418;
SGT. TRAVIS LINDSTROM, Badge #; SGT.
BRAD BOHN, Badge #3419; C/O JIM
ROURKE, Badge #3341; C/O ANNE HERBST,
Badge #3473; C/O JOHNNIE GILBERT, Badge
#; C/O LISA SHORE, Badge #2163; C/O
JOSHUA JESBERG, Badge #3304; C/O
CATHERINE KOCH, Badge #2145; C/O
OLUWASEUN JIBOWU, Badge #3397; C/O
DENISE COOK; C/O TAMMY BOROS, Badge
#; C/O NICHOLAS SIMON, Badge #3384; C/O
LOGAN BARRETT, Badge #3305; C/O
YVONNE ADAMS, Badge #1757; C/O AMY
KAHLER, Badge #1901; C/O DAN WORBER,
Badge #3360; C/O LAURA HOLMQUIST,
Badge #1719; C/O LORI BENNETT, Badge
#1409; C/O CHRISTOPHER HANSEN, Badge
#1074; C/O THERESA KLINGE, Badge #;
JENNIE R. THOMPSON, RN; GWENDOLYN
BLOSSOM ENGLAND, RN; ALYSSA
PFEIFER, RN; MICHELLE SKROCH, RN;
MINDI JOHNSON, CMA; BRIONY BOHN,
LPN; CASSANDRA JAMES, RN; and KAYLA
HERTENSTEIN, RN,

Defendants.

## ORDER

### I. DR. LEONARD, SKROCH & BLOSSOM ENGLAND SHALL ANSWER OR OTHERWISE RESPOND IN *SPENCER II*

Pro se Plaintiff Marvin J. Spencer returned completed Marshal Service Forms for

Defendants Dr. Todd Leonard, Michelle Skroch, and Gwen Blossom England, among others, on

April 24, 2019.   On May 17, 2019, Notices of a Lawsuit and Requests to Waive Service of a

Summons were sent to Dr. Leonard, Skroch, and Blossom England in *Spencer I*, No. 17-cv-5035,

and *Spencer II*, No. 17-cv-5220.  (ECF No. 58 in No. 17-cv-5035; ECF No. 38 in No. 17-cv-5220.)

Dr. Leonard, Skroch, and Blossom England filed a waiver of service on June 14, 2019 in

*Spencer I*, (ECF No. 69 in No. 17-cv-5035), and subsequently filed an Answer in that matter on June 27, 2019, (ECF No. 73 in No. 17-cv-5035).[1] Thus, notwithstanding that Dr. Leonard, Skroch, and Blossom England were sent Notices of a Lawsuit and Requests to Waive Service of a Summons in *both Spencer I* and *II* on the same day, they *only* filed a waiver and an Answer in *Spencer I*.

*Spencer I and II* were previously consolidated. (ECF No. 32 in No. 17-cv-5035; ECF No. 16 in No. 17-cv-5220.) While "consolidation is permitted as a matter of convenience and economy in administration, . . . it does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Hall v. Hall*, 138 S. Ct. 1118, 1127 (2018) (quotation omitted); *see also Horizon Asset Mgmt. Inc. v. H & R Block, Inc.*, 580 F.3d 755, 769 (8th Cir. 2009) ("A consolidated case retains its independent status . . . ." (quotation omitted)).

**Accordingly, Dr. Leonard, Skroch, and Blossom England shall answer or otherwise respond to the Complaint in *Spencer II* within 10 days from the date of this Order.**

If no answer or other response is filed by Dr. Leonard, Skroch, and Blossom England in *Spencer II* within 10 days from the date of this Order, Plaintiff shall file an application for entry of default or motion for default in *Spencer II* within 30 days of the date of this Order. In the event that Dr. Leonard, Skroch, and Blossom England do not file an answer or other response in *Spencer II* within 10 days from the date of this Order <u>and</u> Plaintiff does not file an application for entry of default or motion for default in *Spencer II* within 30 days of the date of this Order, the Court will recommend that Dr. Leonard, Skroch, and Blossom England be dismissed from *Spencer II*.

---

[1] Defendant Dr. Diana VanDerBeek was also included in the waiver and Answer. (ECF Nos. 69, 73 in No. 17-cv-5035.) Dr. VanDerBeek was voluntarily dismissed from *Spencer I* and *II*, however, on May 2, 2019. (ECF No. 54 in No. 17-cv-5035; ECF No. 34 in No. 17-cv-5220.) *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

Alternatively, the parties may advise the undersigned <u>in writing</u> of any good cause to the contrary.

## II. MOTION FOR DOCKET SHEET

Plaintiff has filed a motion requesting a copy of the docket in *Spencer I*. Plaintiff's Motion for Docket Sheet (ECF No. 83 in No. 17-cv-5035) is **GRANTED**.[2] Although Plaintiff has only requested a copy of the docket in *Spencer I*, the Court will direct that he be provided a copy of the docket in *Spencer II* as well. **The Clerk of Court shall provide Plaintiff with copies of the docket in *Spencer I* and *II*.**

[Continued on next page.]

---

[2] On November 12, 2019, the Court received another motion from Plaintiff (ECF No. 86 in No. 17-cv-5035), requesting both an updated docket sheet and two copies of "a memorandum by Ms. Tate Unit Counselor, from Victorville Complex 2 – regarding [his] legal property." In the motion, Plaintiff states that payment for the requested copies is on its way. Because the Court has not yet received Plaintiff's payment, that motion remains pending before the Court.

## III. REMEDIES

Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

**IT IS SO ORDERED.**

Date: November___21___, 2019

_____*s/ Tony N. Leung*_____
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Spencer v. Brott et al.*
Case No. 17-cv-5035 (DSD/TNL)

*Spencer v. Brott et al.*
Case No. 17-cv-5220 (DSD/TNL)