# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MARVIN SPENCER,                                        Case No. 17-cv-5035 (DSD/TNL)

        Plaintiff,

v.

JOEL L. BROTT, Sheriff; DR. TODD LEONARD, Physician; MICHELL SKROCH, BSIU/CCHD Nursing Dir.; GWEN BLOSSOM ENGLAND, CNP, RN; DR. DIANA VANDERBEEK, Assistant Physician; CAPT. TOM ZERWAS; SGT. TRAVIS LINDSTROM; SGT. BRAD BOHN, Badge #3419; C/O JIM ROURKE, Badge #3341; C/O ANNE HERBST, Badge #3473; C/O JOHNNIE GILBERT; C/O LISA SHORE, Badge #2163; C/O JOSHUA JESBERG, Badge #3304; C/O CATHERINE KOCH, Badge #2145; C/O OLUWASEUN JIBOWU, Badge #3397; C/O DENISE COOK; C/O TAMMY BOROS; C/O NICHOLAS SIMON, Badge #3384; C/O LOGAN BARRETT, Badge #3305; C/O YVONNE ADAMS, Badge #1757; C/O AMY KAHLER, Badge #1901; C/O DAN WORBER, Badge #3360; C/O LAURA HOLMQUIST, Badge #1719; and C/O LORI BENNETT, Badge #1409,

        Defendants.

MARVIN SPENCER,                                        Case No. 17-cv-5220 (DSD/TNL)

        Plaintiff,

v.

JOEL L. BROTT, Sheriff; DR. TODD LEONARD, Physician; MICHELL SKROCH, BSIU/CCHD Nursing Dir.; GWEN BLOSSOM ENGLAND, CNP, RN; DR. DIANA VANDERBEEK, Assistant Physician; CAPT. TOM ZERWAS; SGT. ARIC HANSON, Badge

1

#3401; SGT. REBECCA BEAL, Badge #3418; SGT. TRAVIS LINDSTROM, Badge #; SGT. BRAD BOHN, Badge #3419; C/O JIM ROURKE, Badge #3341; C/O ANNE HERBST, Badge #3473; C/O JOHNNIE GILBERT, Badge #; C/O LISA SHORE, Badge #2163; C/O JOSHUA JESBERG, Badge #3304; C/O CATHERINE KOCH, Badge #2145; C/O OLUWASEUN JIBOWU, Badge #3397; C/O DENISE COOK; C/O TAMMY BOROS, Badge #; C/O NICHOLAS SIMON, Badge #3384; C/O LOGAN BARRETT, Badge #3305; C/O YVONNE ADAMS, Badge #1757; C/O AMY KAHLER, Badge #1901; C/O DAN WORBER, Badge #3360; C/O LAURA HOLMQUIST, Badge #1719; C/O LORI BENNETT, Badge #1409; C/O CHRISTOPHER HANSEN, Badge #1074; C/O THERESA KLINGE, Badge #; JENNIE R. THOMPSON, RN; GWENDOLYN BLOSSOM ENGLAND, RN; ALYSSA PFEIFER, RN; MICHELLE SKROCH, RN; MINDI JOHNSON, CMA; BRIONY BOHN, LPN; CASSANDRA JAMES, RN; and KAYLA HERTENSTEIN, RN,

Defendants.

## ORDER

This matter is before the Court on remaining[1] Defendants Todd Leonard, M.D., Michelle Skroch, and Gwen Blossom England's (collectively, "MEnD Defendants") Motion to Compel Medical Authorizations, ECF No. 93 in No. 17-cv-5035; ECF No. 53 in No. 17-cv-5220, and pro se Plaintiff Marvin Spencer's letter request for a continuance, ECF No. 100 in No. 17-cv-5035; ECF No. 60 in No. 17-cv-5220.

---

[1] As the Court has previously pointed out, Defendant Dr. Diana VanDerBeek was voluntarily dismissed from *Spencer I* and *II* on May 2, 2019. ECF No. 54 in No. 17-cv-5035; ECF No. 34 in No. 17-cv-5220; *see, e.g.*, ECF Nos. 87 at 8 n.17 & 88 at 3 n.1 in No. 17-cv-5035; ECF Nos. 48 at 8 n.17 & 49 at 3 n.1 in No. 17-cv-5220. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

## I. BACKGROUND

Plaintiff brings these two actions, referred to as *Spencer I*, No. 17-cv-5035, and *Spencer II*, No. 17-cv-5220, for alleged violations of his constitutional rights based on deliberate indifference to his medical needs while he was confined at the Sherburne County Jail in Minnesota. *See generally Spencer I* Compl., ECF No. 1 in No. 17-cv-5035; *Spencer II* Compl., ECF No. 1 in No. 17-cv-5220. Plaintiff alleges that the MEnD Defendants failed to provide him with adequate care and treatment, resulting in the loss of two toes and sight in his left eye.

## II. MOTION TO COMPEL

In June 2019, the MEnD Defendants served Plaintiff with "a request for production of documents . . . that asked [him] to sign a medical authorization," thereby allowing the MEnD Defendants to obtain his medical records. MEnD Defs.' Mem. in Supp. at 3, ECF No. 96 in No. 17-cv-5035; ECF No. 56 in No. 17-cv-5220; *see* Decl. of Anthony J. Novak ¶ 2, ECF No. 97 in No. 17-cv-5035; ECF No. 57 in 17-cv-5220; Ex. A to Novak Decl., ECF No. 97-1 in No. 17-cv-5035; ECF No. 57-1 in No. 17-cv-5220. To date, Plaintiff has not responded to the MEnD Defendants' request. Accordingly, the MEnD Defendants have moved for an order compelling Plaintiff to provide authorization for the release of his medical records held by Sherburne County or allowing Sherburne County to provide a copy of Plaintiff's medical records to them.[2] *See generally* Fed. R. Civ. P. 37. Plaintiff has not responded to the motion.[3]

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is

---

[2] In the future, the Court strongly encourages the MEnD Defendants to engage in a more robust meet-and-confer process. In their meet-and-confer statement, the MEnD Defendants blanketly state that because "Plaintiff is incarcerated, . . . meeting and conferring [is] impracticable." ECF No. 95 at 1 in No. 17-cv-5035; ECF No. 55 at 1 in No. 17-cv-5220. At minimum, the MEnD Defendants could have—and should have—attempted to meet and confer with Plaintiff via letter.

[3] Any response was due 10 days after service of the motion. *See* Pretrial Sch. Order ¶ 3, ECF No. 89 in No. 17-cv-5035; ECF No. 51 in 17-cv-5220. Plaintiff's letter request, received approximately 30 days after the MEnD Defendants' motion to compel was filed, does not mention the motion.

relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Although relevance is construed broadly at the discovery stage, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992); *see Heilman v. Waldron*, 287 F.R.D. 467, 473 (D. Minn. 2012) ("Relevance is construed broadly at the discovery stage."). This Court "has very wide discretion in handling pretrial discovery." *Hill v. Southwest Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017) (quotation omitted).

Plaintiff has placed his physical condition at issue by alleging that the MEnD Defendants failed to provide adequate care and treatment for his medical needs while he was at the Sherburne County Jail. *Clark v. Roy*, No. 15-cv-2778 (SRN/HB), 2016 WL 11669528, at *1 (D. Minn. Sept. 28, 2016). Having placed his physical condition at issue, Plaintiff's medical records from Sherburne County are plainly relevant. *Id.*; *see Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (medical records relevant when plaintiff places medical condition at issue).

Therefore, the Court will grant the MEnD Defendants' motion in part and order Plaintiff to sign an authorization for the release of his medical records from Sherburne County and return the signed authorization to the MEnD Defendants. **Within seven days from the date of this Order, the MEnD Defendants shall send a new authorization to Plaintiff along with a stamped, self-addressed envelope for returning the signed authorization. The authorization may only seek the release of medical records from Sherburne County. Within seven days from his receipt of the authorization, Plaintiff shall sign and date the authorization, and return it to the MEnD Defendants. As stated below, Plaintiff should bear in mind that a**

**failure to comply with this Order could result in dismissal of these actions.** *See* **Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").** To the extent the MEnD Defendants seek an order allowing Sherburne County to provide copies of Plaintiff's medical records directly to them, the motion is denied.

### III. LETTER REQUEST FOR CONTINUANCE

Plaintiff requests a continuance of these matters[4] because the facility in which he is currently confined "is on lock down" due to the COVID-19 pandemic and he does not have access to his legal materials or the law library. Ltr. Request at 1, ECF No. 100 in No. 17-cv-5035; ECF No. 60 in 17-cv-5220. In support of his request, Plaintiff has attached a letter from the unit manager at the facility. *See* ECF No. 101 in No. 17-cv-5035; ECF No. 61 in 17-cv-5220.

Beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, *available at* https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance. These General Orders acknowledge, among other things, that (1) a national emergency has been declared by the President of the United States of America in response to COVID-19; (2) a peacetime emergency has been declared by the Governor of the State of Minnesota in response to COVID-19; (3) a stay-at-home order has been implemented by the Governor of the State of Minnesota in response to COVID-19; and (4) local detention facilities have implemented several COVID-19 related restrictions. *See, e.g.*, *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 12 (D. Minn. May 8, 2020).

---

[4] While Plaintiff's letter request refers only to *Spencer I*, the Court has construed it as applying to *Spencer II* as well. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

For the reasons addressed in these General Orders, the well-documented concerns regarding COVID-19, and the specific conditions of Plaintiff's facility, the Court finds good cause to grant Plaintiff's request for a continuance. The Court will continue existing dates in the Pretrial Scheduling by 90 days. An Amended Pretrial Scheduling Order shall issue.

### IV. ORDER

Based upon the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The MEnD Defendants' Motion to Compel Medical Authorizations, ECF No. 93 in No. 17-cv-5035; ECF No. 53 in No. 17-cv-5220, is **GRANTED IN PART** and **DENIED IN PART**.

2. **Within seven days from the date of this Order**, the MEnD Defendants shall send a new authorization to Plaintiff along with a stamped, self-addressed envelope for returning the signed authorization. The authorization may only seek the release of medical records from Sherburne County.

3. **Within seven days from his receipt of the authorization**, Plaintiff shall sign and date the authorization, and return it to the MEnD Defendants.

4. Each party shall bear its own costs and attorney fees. *See* Fed. R. Civ. P. 37(a)(5)(C).

5. Plaintiff's letter request, ECF No. 100 in 17-cv-5035; ECF No. 60 in No. 17-cv-5220, is **GRANTED**.

6. An Amended Pretrial Scheduling Order shall issue.

7. All prior consistent orders remain in full force and effect.

[Continued on next page.]

8. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: May    13    , 2020                             *s/ Tony N. Leung*
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      District of Minnesota


                                                      *Spencer v. Brott et al.*
                                                      Case No. 17-cv-5035 (DSD/TNL)

                                                      *Spencer v. Brott et al.*
                                                      Case No. 17-cv-5220 (DSD/TNL)